# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                          Case No. 21-20264

v.                                   Hon. Denise Page Hood

YLLI DIDANI,

    Defendant.

---

| | |
|---|---|
| Mark Bilkovic (P48855) | Ylli Didani |
| Timothy P. McDonald | PRO SE DEFENDANT |
| Assistant United States Attorneys | FDC Milan |
| 211 W. Fort St., Ste. 2001 | 4004 Arkona Road |
| Detroit, MI 48226 | Milan, MI 48160 |
| (313) 226-9623 | |
| mark.bilkovic@usdoj.gov | Wade G. Fink (P78751) |
| Timothy.mcdonald@usdoj.gov | WADE FINK LAW, P.C. |
| *Attorneys for the United States* | 550 W. Merrill St Suite 100 |
| | Birmingham, MI 48009 |
| | (248) 712-1054 |
| | wade@wadefinklaw.com |
| | *Standby Counsel Only* |

---

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE REGARDING CERTIFICATES

The prosecution continues to distract the court by pointing out that the defendant has no right to challenge the legitimacy of the certificates because of it being "a question of international law that can be raised only by the foreign nation" Quoting, United States v. Bustos-Useche, 273 F .3d 622, 627(5th Cir. 2001) Ironically, in this same case the prosecution is choosing to cite the circuit judge Hon. Robert M Parker illustrates the point the we are making in his opinion "While Bustos lacks standing to question whether Panama's consent effectively granted jurisdiction to the United States, he may nonetheless argue that the district court failed to satisfy the jurisdictional requirements of the statute itself. The Maritime Drug Law Enforcement Act is "United States law," not "international law." See United States v. Maynard, 888 F 2d 918, 926-27 (1st Cir. 1989); United States v. Mena, 863 F .2d 1522, 1530-31 (11th Cir. 1989) "Had Congress intended to deprive defendants of standing to object to the governments non-compliance with the terms of section 1903(a), Congress would not merely have prevented defendants from raising objections under international law." Mena, 863 F 2d at 1531. So pointing out challenges can not be made regarding international law is irrelevant to this case. So,The defendant wishes to redirect the court and the prosecution once again to the fact that the legitimacy of the certificates are not being questioned on the basis of international law they are being questioned on the  governments inability to follow

1

their OWN laws and procedures by following the provisions of the MDLEA. The prosecution has still not addressed these 2 cases cited above and in our original motion that clearly illustrate these certificates can be challenged when the provision of MDLEA is not followed United States v. Maynard 888 F .2d (1st Cir. 1989) and United States v. Mena 863 F .2d 1522, 1530-31 (11th Cir. 1989) The prosecution is choosing to blindly ignore this and distract attention because they know they have no answers.

These certificates should never have been approved or issued because the provisions of the MDLEA were not met. The MDLEA is clear on the provisions and processes that need to exist and be followed under US Law. Also, the prosecution cites United States v. Cardales Luna, 632 F .3d 731 (1st Cir. 2011) stating "the defendant could not argue that a United Coast Guard certification was insufficient to confer MDLEA jurisdiction merely because it omitted certain details about the case" Yet again this is not the argument that is being made and it seems that the prosecution is either missing the point or purposely trying to confuse and misdirect the court. The prosecution argues that the defense has no right to even raise these issues and should not be granted motions this is categorically incorrect. The defendant has the right to object to and question subject matter jurisdiction at any time. "objection that a

2

federal court lacks subject matter jurisdiction may be raised by a party, or or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgement" Arbaugh v. Y&H Corp., 546 US 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) This isn't simply about missing details like the prosecution suggests although plenty are missing this is about fundamentally ignoring and not following provisions of the MDLEA.

Subject matter jurisdiction is critical and if none of the provisions of the MDLEA were followed these Certificates were obtained without following their laws through the MDLEA meaning the government did not properly obtain jurisdiction and they are using these certificates to act as a smoke screen for the government to try and hide behind. "Rule 12(h)(3) [Fed R. Crim. P.] INSTRUCTS: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action" Id.

Furthermore, the prosecution cites cases in which the foreign country had been contacted and consent had been provided after the Coast Guard had interdicted and boarded the vessels in question. Although this seems at odds with the spirit of the MDLEA as it is written the government by their own illustration points out that in

3

these cases the vessels were boarded and interdicted by the Coast Guard on the high seas, neither of these two events took place in Didani's case.

In the prosecutions own words:

United States v. Cardales 168 F .4d 548, 552 (1st Cir. 1999) (MDLEA's jurisdictional requirement satisfied although consent provided after Coast Guard boarded ship) - "COAST GUARD BOARDED SHIP"

United States v. Mitchell-Hunter, 663 F.3d 45, 50 n.1 (1st Cir. 2011) (No error in basing jurisdiction on a certificate that was created after boarding and arrest but prior to trial) - "AFTER BOARDING"

They also cite:

United States v. Garza, 516 F .3d1266 1271 (11th Cir. 2008)

United States v. Miranda, 780 F .3d1185, 1192-93 (D.C. Cir. 2015)

United States v. Brant-Epigmelio, 429 F, 860,862 (11th Cir. 2011)

WHAT DO ALL OF THESE CASES CITED HAVE IN COMMON, NOT 99% OF THEM BUT 100% OF THEM?

They ALL were INTERDICTED on the High Seas and BOARDED by the US COAST GUARD. Primary Consent and PRIMARY JURISDICTION was

established Statement Of No Objections (SNO) were received and the initial provisions of the MDLEA were met.

A quick word about SNO, Statement of No Objection: The SNO process is the means of a coast Guard flag officer does not object to the subordinate commanders lawful authority to act. The SNO process begins request made by the boarding Officer to the Maritime law enforcement chief of sector. By requesting a SNO, the flag officer id withholding the subordinate commanders authority to ensure that such actions are lawful. By granting the SNO, the flag officer is defining the limits of the subordinate commanders authority to act.

NOTE: Boarding teams are required to have a SNO before taking the following actions:

-Make an arrest or seizure of any vessel.

-To board a vessel under a jurisdictional exception.

-Any time the boarding could have impact on foreign relations

This is just another example of standard operating procedure with MDLEA that was not followed.

WHY DOES THE US GOVERNMENT NOT CITE CASES WHERE THERE WAS NO BOARDING OR INTERDICTION ON THE HIGH SEAS?

The answer to that is simple: THERE ARE NOT ANY!

The US Government is using the MDLEA as a one size fits all bait to obtain illegitimate certificates for their global fishing expedition. As the prosecution points out this defendant may not be as "skilled in the law as a seasoned lawyer" be that as it may you don't need to be a seasoned lawyer to see that the provisions were not followed.

The prosecution also states in their response:

" Here, the vessels were not interdicted at sea, the cocaine was seized after the vessels arrived in the Port of Rotterdam. Therefore under the facts here the MDLEA imposes none of the requirements on the government that Didani wants to impose"

First and foremost, I wish to point out this defendant doesn't want to impose any requirements the defendant just wishes to illustrate this government isn't following

their own laws that Congress set forth for them in the provisions of the MDLEA. I have no idea what the prosecution is trying to say here, I dont think THEY have any idea what they are trying to say but what it sounds like they are saying is the MDLEA does not apply to this situation and in that case we agree. This is the MDLEA which stands for MARITIME Drug Law Enforcement Act its not the PORT of ROTTERDAM Drug Law Enforcement Act. MDLEA is an exercise of Congress's express authority to define and punish conduct occurring on the high seas pursuant to the Felonies Clause see United States v. Campbell, 743 F .3d 802, 810 (11th Cir. 2014) "We have always upheld extraterritorial convictions for conduct occurring on the high seas pursuant to the Felonies Clause". Congress's authority to enact the MDLEA emanates from the Felonies Claise, the governments jurisdiction are limited to those offenses that are "committed on th High Seas" see, Bellaizac-Hurtado, 700 F .3d at 1258. To be clear the HIGH SEAS lie beyond any nations territorial sea and are "international waters not subject to the dominion of any single nation." United States v. Louisiana, 394 U.S. 11, 23, 89 S. Ct. 773, 22 L. Ed. 2d 44 (1969). The Port of Rotterdam is NOT the high seas it is the exact opposite of the high seas. So I ask the prosecution, Why is the MDLEA being used to obtain a certificate for jurisdiction for a vessel that does not fall under MDLEA?

Conclusion:

This court must analyze everything the government presents here with a critical eye and skepticism. As illustrated this is the only case that falls in to this scenario where there is NO SNO, NO interdiction on the high seas, NO boarding, NO alpha reports, etc. The court must ask WHY? If all the statements made concerning knowledge of offenses and "on going investigations" are true then why didn't the Coast Guard interdict on the high seas and board these vessels like the MDLEA requires? Like they did in ALL the cases they cited and for that matter all the cases involving MDLEA. For these reasons the court should not be blinded by the prosecutions antics and should proceed with the Jan, 15th hearing. Since Commander Ian M. Starr signed these certificates based on his "personal knowledge" he should be present to answer questions regarding the certificates and maybe he can explain the provisions of the MDLEA and why they were not followed.

Date: January 6, 2025                                  Respectfully Submitted,

                                                       /s/ Ylli Didani (with permission WGF)

                                                       PRO SE DEFENDANT
                                                       FDC Milan
                                                       4004 Arkona Road
                                                       Milan, MI 48160

8

## CERTIFICATE OF SERVICE

On January 6, 2025, standby counsel, who signs below, filed the foregoing using the Court's e-filing system, which will send notice of same to all parties of record. Standby counsel filed this way at the direction of the Clerk's Office regarding Defendant's pro se status and its preference for future filings.

/s/ Wade G. Fink