UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-20264

Hon. Denise Page Hood

---

Mark Bilkovic (P48855)
Timothy P. McDonald
Assistant United States Attorneys
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9623
mark.bilkovic@usdoj.gov
Timothy.mcdonald@usdoj.gov
*Attorneys for the United States*

Ylli Didani
PRO SE DEFENDANT
FDC Milan
4004 Arkona Road
Milan, MI 48160

Wade G. Fink (P78751)
WADE FINK LAW, P.C.
550 W. Merrill St Suite 100
Birmingham, MI 48009
(248) 712-1054
wade@wadefinklaw.com
*Standby Counsel Only*

---

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION TO EXCLUDE SKYECC[1]**

---

[1] Standby counsel took no part in the writing of this brief. He merely formatted and filed the same.

## I. Introduction

The government's response fails to refute the central premise of this Defendants motion: that the Sky ECC evidence was obtained in a manner that violates constitutional protections and should be excluded. The government's positions rely on a misapplication of legal precedent, a flawed assumption regarding the Fourth Amendment's extraterritorial scope, and a failure to recognize the degree of the U.S. Law enforcement involvement in the underlying investigation.

## II. The Fourth Amendment Does Apply to the Sky ECC Evidence

The government argues that the Fourth Amendment does not apply to evidence obtained by foreign law enforcement in a foreign jurisdiction. However, this principle is not absolute. Courts recognize exceptions when U.S. Law enforcement agents substantially participate in or direct foreign investigation, *See United States v. Angulo-Hurtado*, 165 F. Supp. 2d 1363, 1370 (N.D. Ga 2001) Here, the United States played an integral role in the Sky ECC Investigation, including participation in joint conferences, collaboration in investigative efforts, and making specific data requests following the French search. These actions support the

inference that the French authorities operated, at least in part, as agents of the U.S. Government.

Furthermore, the government does not address whether the French search adhered to basic constitutional protections and international norms. I'm sure the reason the government doesn't want to address this is because, big shocker here.. it doesn't. It basically throws the constitution on the ground and stomps on it. The US Constitution isn't the only standard that this collection of information and defilement of privacy breaks it also breaks several European data collection rules and various other countries privacy standards. As mentioned in the motion, it was already turn down by the original Dutch court for being "too far reaching" and other cases are being heard across the globe and the human rights issues are prevalent in these arguments.

### III. The Sky ECC Evidence Lacks Proper Authentication

The government asserts that it will meet the low threshold for authentication under rule 901 by relying on circumstantial evidence. However, the mere fact that the data was received from a foreign government does not establish its reliability or accuracy. The transmission of digital data across multiple jurisdictions raises serious chain-of-custody concerns. The government fails to offer sufficient

evidence proving that the messages attributed to this Defendant were not manipulated, altered, or otherwise compromised. Additionally, Metadata discrepancies and potential gaps in the record further undermine the authenticity of the Sky ECC messages.

### IV. The Admission of Sky ECC Evidence Violates Due Process

The government's reliance on broad legal principles to justify the admission of the Sky ECC evidence ignores the fundamental question of fairness. The evidence at issue was obtained through undisclosed decryption methods, and the defense has been deprived of an opportunity to independently examine or challenge these methods. Denying the defense access to critical information regarding the integrity of the evidence violates principles of due process and the right to a fair trial.

### V. Conclusion

The prosecution doubles down by stating "Didani does not even allege that the French search shocked the conscious. For good reason: he cannot. Conduct does not shock the conscience when it is simply illegal which the French search was not the conduct must be egregious." OVER 1 BILLION MESSAGES OVER 170,000 USERS ...1 BILLION! PERSONAL PRIVATE MESSAGES. That seems pretty egregious and shocking to me. It's sad the prosecution doesn't seem to think the seizure of

3

private citizens personal and private data is that big of a deal but I'm sure the general population of the world disagrees with them. Keep in mind these aren't just "criminal phone" the Sky ECC platform provided encrypted phones used by people you valued privacy including Canadian Law Enforcement and people in all walks of life.  An analogy here would be if say you decided a lot of criminals like driving Cadillac's, so you decide to hack into all conversations by ALL Cadillac owners over a period of time then keep all those conversations indefinitely so you can perform random keyword searches etc.. whenever you choose That would be illegal, it sounds ludicrous but that's basically what has happened and as mentioned previously its a dangerous precedence.

    For these reasons, the reasons stated above and in the original motion. The Sky ECC Data should be excluded. The government's assertions that the Fourth Amendment and the exclusionary rule do not apply is legally and factually flawed. Furthermore, authentication concerns and the due process violations necessitate suppression of the data.

    Accordingly, this defendant respectfully requests that the Court grant his motion to exclude

    Date: February 4, 2025                  Respectfully Submitted,

                                                /s/ Ylli Didani (with permission WGF)

PRO SE DEFENDANT
FDC Milan
4004 Arkona Road
Milan, MI 48160

**CERTIFICATE OF SERVICE**

On February 4, 2025, standby counsel, who signs below, filed the foregoing using the Court's e-filing system, which will send notice of same to all parties of record. Standby counsel filed this way at the direction of the Clerk's Office regarding Defendant's pro se status and its preference for future filings.

/s/ Wade G. Fink